OPINION
This is an accelerated calendar appeal. Appellant, Thomas W. Sbarra, appeals from his conviction and sentence entered by the Ravenna Division of the Portage County Municipal Court for driving while under the influence of alcohol in violation of R.C.4511.19(A)(1) and failure to stop at a red light in violation of R.C. 4511.12. Appellee, the State of Ohio, has filed an answer brief. For the reasons that follow, we affirm in part and reverse in part and remand the case for further action consistent with this opinion.
On March 21, 1995, appellant was stopped and arrested by the Ravenna City police for failure to stop at a red light, failure to control his vehicle, and driving while under the influence of alcohol ("DUI").[1] Appellant was deemed to have refused a Breathalyzer test, and his driver's license was suspended pursuant to an administrative license suspension ("ALS").
On April 3, 1995, appellant entered a plea of not guilty to the charges. On November 3, 1995, appellant filed a motion to suppress the evidence obtained during the initial stop by the police. This motion was overruled.
On November 6, 1995, the matter was tried to a jury. The jury found appellant guilty as charged. Appellant was sentenced to thirty days in jail, with twenty days suspended on the condition that he have no alcohol-related offenses for one year. He was also fined $500. Finally, he received a one-year license suspension. The sentencing entry specifically indicated that although appellant was to receive credit for the number of days his license was suspended pursuant to the ALS, the ALS was not terminated. The sentence was stayed pending appeal.
From his conviction and sentence, appellant perfected a timely appeal, asserting three assignments of error:
 1. The trial court's ruling should be dismissed because appellant was denied effective assistance of counsel in violation of his [sic] Sixth and Fourteenth Amendments to the United States Constitution and Article I [sic], Section 10 of the Ohio Constitution when his defense counsel failed to move to dismiss the charges on the grounds of double jeopardy.
 2. The trial court committed plain error to the prejudice of the appellant.
 3. "The trial court abused its discretion to the prejudice of the appellant."
In the first assignment of error, appellant contends he was denied the effective assistance of counsel by counsel's failure to file a motion to dismiss the DUI charge on the basis of double jeopardy. We disagree.
Both the Supreme Court of Ohio and this court have adopted a basic test to determine whether an accused has received ineffective assistance of counsel:
 "`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. DiMeole (Sept. 30, 1992), Ashtabula App. No. 91-A-1680, unreported, at 8, 1992 Ohio App. LEXIS 5045, quoting Strickland v. Washington (1984), 466 U.S. 668, 687; see, also, State v. Post (1987), 32 Ohio St.3d 380, 388.
In Ohio, every properly licensed attorney is presumed to be competent. State v. Smith (1985), 17 Ohio St.3d 98, 100. The burden of proving ineffective assistance of counsel falls upon the defendant. Id. In order to demonstrate prejudice, appellant must demonstrate that "but for" counsel's deficient performance, there is a reasonable probability that the outcome of the proceedings would have been different. State v. Phillips (1995), 74 Ohio St.3d 72,84.
In the instant case, appellant contends that appellant's trial counsel should have been aware of the brewing controversy over whether a DUI prosecution subsequent to the imposition of an ALS violated the constitutional prohibition against double jeopardy. Appellant asserts that counsel should have been aware of this controversy and thus should have filed a motion to dismiss on those grounds. Appellant posits that by failing to file said motion, counsel's performance was deficient as envisioned in the test enumerated above. Appellant further asserts that he has been prejudiced by this alleged deficiency as this court subsequently ruled that the double jeopardy prohibition was indeed violated. See State v. Hlavin (Jan. 19, 1996), Geauga App. No. 95-G-1912, unreported, 1996 WL 200584. Based on our decision in Hlavin, appellant argues, there is a reasonable probability that the DUI charge would have been dismissed.
However, we determine that appellant has failed to present a viable claim of ineffective assistance of counsel. Even assuming,arguendo, that counsel should have known that a motion to dismiss was warranted and thus should have filed such a motion, appellant has failed to demonstrate there is a reasonable probability that the outcome of the proceedings would have been different had the motion to dismiss been filed. Thus, appellant has failed to demonstrate that he was, in fact, prejudiced by the alleged deficiency.
Specifically, appellant relies on mere speculation as to whether the timing of appellant's appeal and the timing of our decision in Hlavin would be such that appellant's conviction for DUI would be overturned. Indeed, the Supreme Court of Ohio effectively reversed our decision in Hlavin in State v. Gustafson
(1996), 76 Ohio St.3d 425. The speculative nature of all these propositions indicates that appellant has failed to demonstrate areasonable probability that the outcome would have been different. Therefore, appellant has failed to demonstrate prejudice. Appellant's first assignment of error is not well-taken.
In the second assignment of error, appellant argues that it was plain error for the trial court to allow the DUI prosecution subsequent to the imposition of the ALS.[2] Pursuant to the holding of the Supreme Court of Ohio in Gustafson, paragraph one of the syllabus, this assertion is without merit.
However, pursuant to paragraphs three, four, and five of theGustafson decision, the ALS imposed upon appellant at the time of his arrest must be terminated at the time of his conviction and sentencing. Id. As the record before this court indicates that the ALS continued after his conviction and sentence, we reverse and remand the case on this limited issue for further action consistent with this opinion. To this extent, appellant's second assignment of error is sustained. See Eastlake v. Minarich (May 2, 1997), Lake App. No. 96-L-024, unreported, at 6-7.
In appellant's third assignment of error, he argues that the trial court abused its discretion when it denied defense counsel's motion for a mistrial based on alleged improper remarks from the prosecution in closing arguments. This argument is without merit.
The alleged improper remarks referenced a statement purportedly made by appellant to one of the police officers involved in the case. At appellant's trial, one police officer testified that appellant walked over to him at the station and said: "I have been arrested for DUI 14 times and got off every time because I am diabetic. I know the law better than you. You can't touch me." Over defense counsel's objection, the trial court allowed the police officer to testify to this statement.
Before doing so, however, the trial court held a brief conference with both counsel in chambers. In the conference, the trial court indicated that although the statement would be allowed due to its probative value, the prosecution would not be permitted to delve into appellant's actual prior arrest record for DUI charges.[3] The trial court cautioned the prosecution that if it failed to abide by the court's ruling, a mistrial would be declared.
Then, during closing arguments, the prosecution repeated the statement quoted above and added: "You know, I think what I want you folks to consider is, we don't know whether he's been arrested for DUI 14 times or not, and you don't need to consider that in this case." Defense counsel immediately moved the court for a mistrial. Again, a conference was held out of the hearing of the jury. The trial court determined that the prosecution's comments did not directly conflict with the court's prior order to refrain from mentioning the subject of appellant's prior DUI arrest record, and that the comments were not in fact prejudicial, as the prosecution was informing the jury they did not need to consider appellant's prior record. The prosecution was again cautioned and closing arguments continued over defense counsel's objections.
The granting or denying of a mistrial under Crim.R. 33 rests within the sound discretion of the trial court. State v. Sage
(1987), 31 Ohio St.3d 173, 182. An appellate court will review the trial court's decision to grant or deny a mistrial for an abuse of discretion. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157. When the grounds for a mistrial are based on prosecutorial misconduct, the defendant must show that the alleged misconduct deprived him of a fair trial.State v. Hawkins (1993), 66 Ohio St.3d 339, 348; State v.Apanovitch (1987), 33 Ohio St.3d 19, 24.
Here, we find no abuse of discretion in the trial court's decision to deny appellant's request for a mistrial. The prosecution did, in fact, caution the jury not to consider appellant's prior arrest record. And, ultimately, we do not find cause to question seriously the fairness of appellant's trial or the integrity of the trial court's findings. Thus, the instance of alleged prosecutorial misconduct did not deprive appellant of the right to a fair trial and did not entitle him to the declaration of a mistrial. Appellant's third assignment of error is without merit.
In light of the foregoing analysis, the judgment of the trial court is affirmed, with the exception of the limited remand instructing the trial court to terminate appellant's ALS as of the time of his conviction and sentence.
JUDITH A. CHRISTLEY, PRESIDING JUDGE.
NADER, J., and O'NEILL, J., concur.
[1] The arresting officer admitted at trial that he placed the wrong section of the Ohio Revised Code on the ticket issued for failure to control at the time of arrest. The officer wrote "R.C. 4511.21" on the ticket for failure to control, when that section, in fact, deals with speeding. This is of no import, however, in the instant case as the trial court dismissed this charge.
[2] We note that: "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus; see, also, Crim.R. 52(B).
[3] At trial, appellant's main defense was that he was not intoxicated on the night in question; rather, he was merely exhibiting symptoms of his diabetic condition which the officers mistakenly took for signs of intoxication.